IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOE NATHAN GILES, <br> AIS #123350, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) <br> ) | CASE NO. 2:17-cv-275-WHA |
| JEFFERSON S. DUNN, et al., | ) <br> ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Joe Nathan Giles ("Giles"), a state inmate, in which he challenges the constitutionality of actions taken against him at the St. Clair Correctional Facility, where he is currently incarcerated. Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

---

[1] Upon initiation of this case, Giles filed an application for leave to proceed *in forma pauperis*. After review of the records of each federal court in Alabama, it appears that Giles has accumulated "three strikes" subject to application of 28 U.S.C. § 1915(g). *See Giles v. Wright, et al.*, Case No. 2:98-cv-2896-JFG-PWG (N.D. Ala. 1999) (dismissing before service under 28 U.S.C. § 1915A(b)(1) for failing to state a claim); *Giles v. Persons, et al.*, Case No. 4:93-cv-359-WMA-PWG (N.D. Ala. 1993) (dismissing as frivolous); and *Giles v. Totty, et al.*, Case No. 2:93-cvV-210-MHT-VPM (M.D. Ala. 1993) (dismissing prior to service pursuant to the provisions of 28 U.S.C. § 1915(d)). However, § 1915(g) contains an exception for inmates in "imminent danger of serious physical injury." Under the circumstances of this case, the undersigned concludes that determination of whether § 1915(g) bars Giles from proceeding *in forma pauperis* in this action should be undertaken by the United States District Court for the Northern District of Alabama.

## II. DISCUSSION

"A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

The St. Clair Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the actions about which Giles complains occurred or are now occurring in the Northern District of Alabama. Moreover, it appears from the complaint that the majority of individuals named as defendants and those personally responsible for the challenged actions, who are correctional officials employed at St. Clair, reside in the Northern District of Alabama. Although by virtue of their positions as Commissioner and Deputy Commissioner of the Alabama Department of Corrections, defendants Jefferson Dunn and Grant Culliver reside in the Middle District of Alabama, they are nonetheless subject to service of process throughout the State and commonly defend suits in all federal courts of this state.

In light of the foregoing, the court finds that the relevant evidence and those individuals with personal knowledge of the actions about which Giles complains are located in the Northern District of Alabama. Consequently, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

The parties may file objections to the Recommendation on or before **May 18, 2017**. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of

justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of May, 2017.

/s/ Gray M. Borden
UNITED STATES DISTRICT JUDGE